UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

SUDHARSHAN RAJALINGAM,

        Petitioner,

    v.

JOSEPH FREEDEN, Deputy Field Office
Director, Buffalo Federal Detention
Facility, et al.,

        Respondents.

———————————————————

**ORDER**

6:25-CV-6717-EAW

Petitioner Sudharshan Rajalingam ("Petitioner") is a civil immigration detainee alleging that that he is being detained in United States Immigration and Customs Enforcement custody pending removal proceedings in violation of the United States Constitution and seeks relief under 28 U.S.C. § 2241. (Dkt. 1). Petitioner is being held at the Buffalo Federal Detention Facility in Batavia, New York. (*Id.* at ¶¶ 10, 20).

Petitioner was initially arrested by Immigration and Customs Enforcement officers on or about August 18, 2023, and released on his own recognizance pursuant to 8 U.S.C. § 1226(a) on or about September 7, 2023. (*Id.* at ¶¶ 16, 19; 19-22). Because of a "policy change" by the current executive administration, reversing decades of past practice and reinterpreting a law that traditionally applied to noncitizens stopped at the border, Petitioner was re-detained on or about September 11, 2025, and the Immigration Court determined that it lacked jurisdiction over Petitioner's bond redetermination request

because instead of § 1226(a), he was detained under 8 U.S.C. § 1225(b).  (*Id.* at ¶¶ 20, 21; 40).

Petitioner filed the instant petition on December 1, 2025.  (*Id.*).  That same day, the Court directed Respondents to show cause on or before December 8, 2025, why, in light of two written decisions issued by the undersigned rejecting the executive branch's new interpretation of § 1225(b), *see Lieogo v. Freden, et al.*, No. 6:25-CV-06615 EAW, 2025 WL 3290694 (W.D.N.Y. Nov. 26, 2025); *Quituizaca Quituisaca v. Bondi, et al.*, No. 25-cv-6527, 2025 WL 3264440 (W.D.N.Y Nov. 24, 2025), the petition in this case should not be granted to the extent that it seeks an order requiring that the terms of the September 7, 2023 release order be enforced or alternatively, that the Court should not order that Petitioner receive a bond hearing at which the government bears the burden to demonstrate, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk and at which the immigration judge must consider non-bond alternatives to detention or, if setting a bond, Petitioner's ability to pay.  (Dkt. 3).

In response to the order to show cause, Respondents acknowledge that this Court's prior rulings would direct the same outcome in this matter.  (Dkt. 5).  Respondents' filing did not address why the Court should not release Petitioner pursuant to the prior release order, nor did Respondents present any change of circumstance since the initial determination on or about September 7, 2023, that Petitioner should be released on his own recognizance pursuant to 8 U.S.C. § 1226(a).  (*Id.*).  Instead, Respondents' filing only addresses Petitioner's entitlement to a bond hearing and the scope of any such hearing. (Dkt. 5).

- 2 -

Having considered the parties' submissions and applying the three-factor balancing test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976), and for the reasons previously set forth in *Quituizaca Quituisaca,* 2025 WL 3264440, and *Lieogo*, 2025 WL 3290694, the Court finds that Petitioner's procedural due process rights have been violated and he is entitled to a writ of habeas corpus granting his immediate release and requiring that the terms of the September 7, 2023 release order be enforced.  *See Liu v. Almodovar*, No. 25 CIV. 9256 (ER), 2025 WL 3458633, at *6 (S.D.N.Y. Dec. 2, 2025) (ordering petitioner's immediate release where he had a 2022 bond hearing and was released on his own recognizance); *Rodriguez-Acurio v. Almodovar*, No. 2:25-CV-6065 (NJC), 2025 WL 3314420, at *33 (E.D.N.Y. Nov. 28, 2025) (granting petition and ordering release); *Villegas v. Francis*, No. 1:25-CV-09199 (JLR), 2025 WL 3215597, at *7 (S.D.N.Y. Nov. 18, 2025) (finding a bond hearing to be an inadequate remedy where petitioner released on his own recognizance in 2023).  <u>The petition is granted to the extent that Respondents are hereby ordered to immediately release Petitioner from custody consistent with the term of the IJ's prior release order (*see* Dkt. 1 at 19-22) and certify compliance with the Court's order by filing an entry on the docket no later than 12:00 p.m. on December 5, 2025.</u>

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:        December 4, 2025
              Rochester, New York

- 3 -